NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY BUILDING LABORERS STATEWIDE BENEFIT FUNDS AND THE TRUSTEES THEREOF,<br><br>　　　　　Petitioners,<br><br>　v.<br><br>LANDSCAPE SERVICES, INC.,<br><br>　　　　　Respondent. | Hon. Garrett E. Brown, Jr.<br><br>Civil Action No. 10-3825<br><br>**MEMORANDUM OPINION** |

**BROWN**, Chief Judge:

　　This matter comes before the Court on New Jersey Building Laborers Statewide Funds and their Trustees' ("Petitioners" or "Funds") unopposed petition (Doc. Nos. 1–2) to confirm an arbitration award against Landscape Services, Inc. ("Respondent"). The Court has decided the petition without oral argument pursuant to Federal Rule of Civil Procedure 78. For the following reasons, the Court will grant Petitioners' motion and confirm the arbitration award.

I.　　BACKGROUND

　　This matter arises out of a collective bargaining agreement (CBA) and Declaration of Trust to which Petitioners and Respondent are signatories. (Pet. ¶¶ 6–7 & Exs. A–C.) The Funds are trust funds within the meaning of the Labor Management Relations Act (LMRA), 29 U.S.C. § 186(c)(5), and employee pension benefit plans within the meaning of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1002(2). (*Id.* ¶ 2.) Under the CBA and Declaration of Trust, Respondent was required to make contributions to the Funds.

(*Id.* ¶ 7.)  It appears that Respondents fell behind on their obligations under the CBA and Declaration of Trust to make contributions to the Funds, and a Permanent Arbitrator was appointed to resolve Petitioners' claims of delinquent contributions.  (*Id.* ¶ 8.)

On June 22, 2010, the Arbitrator issued an opinion making the following findings: (1) that Respondent was a signatory to a CBA that required Respondent to make contributions to the Funds; (2) that Respondent employed individuals covered by the terms and conditions of the CBA between March 6, 2010 and March 24, 2010; and (3) that Respondent failed to make required contributions to the Funds for these employees in an estimated amount of $4,791.62.  (Pet. Ex. D.)  The arbitrator awarded $4,791.62 for delinquent contributions, $215.62 in interest, $958.32 in liquidated damages, $1,115.61 in reasonable attorneys' fees, and an arbitrator's fee of $800, for a total award of $7,881.18.  (*Id.*)  The arbitrator also instructed Respondent that it remained obligated to comply with the CBA contribution requirements.  (*Id.*)  The Funds contend that Respondent has failed to comply with the June 22, 2010 arbitration award.  Respondent did not appear at the hearing before the arbitrator, and Respondent has not appeared in this action.

## II.     REVIEW OF ARBITRATION AWARD

The entry of judgement by a federal district court on an arbitration award is governed by Section 9 of the Federal Arbitration Act (FAA).  That section provides, in relevant part, that:

> [i]f the parties in their agreement have agreed that a judgement of the court shall be entered upon the award made pursuant to the arbitration . . . then at any time within one year after the award is made any party to the arbitration may apply to [a] court . . . for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. Section 10 of the FAA, in turn, provides that the district court may only vacate an

2

arbitrator's award:

> (1) where [it] was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators . . . ; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)–(4).

From these provisions, courts have recognized that "[d]istrict courts have very little authority to upset arbitrators' awards." *United Transp. Union Local 1589 v. Suburban Transit Corp.*, 51 F.3d 376, 379 (3d Cir.1995). "[C]ourts are not authorized to reconsider the merits of an arbitrator's award." *United Parcel Serv., Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen, & Helpers, Local Union No. 430*, 55 F.3d 138, 141 (3d Cir. 1995); *see also Newark Stereotypers' Union No. 18 v. Newark Morning Ledger Co.*, 261 F. Supp 832, 835 (D.N.J.1966), *aff'd* 397 F.2d 594 (3d Cir.1968). "It is [] not the role of a court to correct factual or legal errors made by an arbitrator." *Brentwood Med. Assocs. v. United Mine Workers of Am.*, 396 F.3d 237, 240 (3d Cir. 2005). In other words, "courts have no business overruling [an arbitration award] because their interpretation of the contract is different from [the arbitrator's interpretation]." *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 599 (1960). "Only when an arbitrator 'acted in manifest disregard of the law, or if the record before the arbitrator reveals no support whatsoever for the arbitrator's determination,' may a district court invade the province of the arbitrator." *United Transp. Union Local 1589*, 514 F.3d at 380 (quoting *United Indus. Workers v. Gov't of the V.I.*, 987 F.2d 162, 170 (3d Cir.1993)); *see also*

3

*News Am. Publ'ns, Inc. v. Newark Typographical Union, Local 103*, 918 F.2d 21, 24 (3d Cir.1990) ("[O]nly where there is a manifest disregard of the agreement, totally unsupported by the principles of contract construction and the law of the shop, may a reviewing court disturb the award.") (internal quotation omitted).

The Court finds that the record in this case supports the Arbitrator's conclusion that Respondent failed to make the required contributions to the Funds. Petitioners have certified that they properly served the petition and motion upon Respondent by certified mail with return receipt requested (Monica Certif. of July 29, 2010), and Respondent has not appeared before this Court to dispute these facts. Nor did Respondent appear before the Arbitrator. The CBA and Declaration of Trust permitted the Arbitrator's award of interest, attorneys' fees, and liquidated damages. (Pet. Ex. C Art. V § 4.) Accordingly, the Court finds the arbitration award of June 22, 2010 to be consistent with the CBA and Declaration of Trust, and the Court will confirm the arbitration award.

### III.   CONCLUSION

For the aforementioned reasons, the Court will grant Petitioners' motion and confirm the arbitration award. An appropriate form of order accompanies this Memorandum Opinion.

Dated: September 8, 2010

                                                                      /s/ Garrett E. Brown, Jr.
                                                   GARRETT E. BROWN, JR., U.S.D.J.